### 8121. JONES et al. v. WRIGHT et al.

1. In an action against an attorney at law to recover the amount of a claim alleged to have been lost because of his negligence or misconduct, it is necessary to allege not only that the claim was a valid one, but that the debtor was solvent. In such case the attorney is liable only for the actual injury his client has received, and not for the mere nominal amount involved in the litigation.
2. The petition against an attorney for the recovery of actual and punitive damages for negligent advice and conduct in the management of a case, alleged to have resulted in the loss of the plaintiff's claim, was properly stricken on demurrer, in the absence of an allegation that the claim was a valid one, and that the debtor was solvent.

Decided February 1, 1917.

Action for damages; from Floyd superior court—Judge Nunnally presiding. February 2, 1916.

*J. P. Jones, Jones & Chambers,* for plaintiffs. *J. E. Dean, G. E. Maddox, Little, Powell, Smith & Goldstein,* contra.

George, J. Mrs. Jones and her two children brought suit against Seaborn and Barry Wright. The petition alleged, that the plaintiffs were legatees under the will of J. P. Jones, deceased, and that one T. R. Jones, of Bartow county, was the executor of said will, and that, as such legatees, they had a cause of action against the executor for failure to execute the provisions of the will; that the defendants were attorneys at law employed by the petitioners to represent them in the prosecution of their claim against the exec-

utor, and accepted the employment and undertook to perform the legal services necessary in their behalf. The petition is voluminous. Counsel for the plaintiffs have, however, in the main, properly construed the petition, and, according to their construction, all of the damage claimed against the defendants arose by reason of the following: "First: Erroneous legal advice rendered by said attorneys negligently during their employment, and in the conduct of litigation, as more particularly described in said original and amended petition. Second: The negligent handling, management, and conduct of said litigation entrusted to them by the plaintiffs. Third: The violation by said attorneys of express, direct, and material instructions given to them by the plaintiffs during their employment, and with reference to the institution, conduct, and management of said litigation. Fourth: The fraudulent conduct of said attorneys in continuing to advise plaintiffs erroneously, and in permitting plaintiffs to act on judgments and decrees negligently entered and taken by said defendants, and in thereby permitting said plaintiffs to become bound by said judgments or decrees, and to lose all rights to move to set aside said judgments or decrees, notwithstanding and after said defendant attorneys had knowledge of and knew of the legal effect of such previously entered decrees so negligently taken by them. Fifth: Fraudulently concealing from their clients, the plaintiffs, the aforementioned violation of and disobedience to instructions given by said plaintiffs with reference to and during the conduct of said litigation." To the petition as amended the defendants filed demurrers, both general and special, and on argument the court sustained the demurrers generally and dismissed the petition.

The petition is based upon alleged negligence of the attorneys in giving erroneous advice to the petitioners, and in the conduct and management of the litigation. The whole case is predicated upon this ground. It is true that fraud is alleged, but all the allegations of fraud made in the petition were added by amendment to prevent the bar of the statute of limitations, the original petition disclosing that all the matters and things complained of occurred more than four years prior to the commencement of the action. Construed, as pleadings must be, most strongly against the pleader, this is the whole purpose of the fraud alleged in the

petition. The petition docs not allege that the executor, against whom the original action was brought, was solvent, but, on the contrary, the allegations show that he filed his petition in bankruptcy before, or during the pendency of, the litigation, and the inference is that he was insolvent. It is true that the petitioners claimed the benefit of a certain mortgage of the executor upon his home, but it is further true that the petitioners, through the services of the defendant attorneys, successfully sustained their lien on the property of the executor, over adverse claimants, and had a decree against the property to satisfy a judgment in excess of $5,000. It is neither charged nor shown, by any allegation in the petition, that the petitioners could legally have recovered any additional sum out of ·the security of the mortgage alleged to have been executed by the executor for the benefit of the petitioners, if proper advice had been given and diligent service rendered by the defendant attorneys.

There was no error in sustaining the demurrer to the petition as amended. A discussion of the several grounds of the demurrer is, in our view of this case, unnecessary. In an action against an attorney to recover the amount of a claim, alleged to have been lost because of his negligence or misconduct, it is necessary that the petition against him show that the lost claim was a valid one under the law, and that the debtor was solvent. An action for the negligence of the attorney in the unskilful conduct and management of litigation is for the value of the claim lost through such negligence. The claim must be valid, and every fact essential to its validity, when called for by special demurrer, must appear, and it must further appear that the party against whom the claim was asserted was solvent. 5 Thomp. Neg. § 6698; 6 Corpus Juris, 710; Pennington *v.* Yell, 11 Ark. 212 (52 Am. D. 262); Staples *v.* Staples, 85 Va. 76 (7 S. E. 199); Civil Code of 1910, § 4390. The foregoing is simply an application of the doctrine, everywhere recognized, that a party claiming damages must prove not only the wrong, but the amount of his damage as well. In this case the petitioners' damage, if any,.was the loss sustained by them of a claim against the executor; and it is necessary that the petitioners aver and affirmatively show that they held a valid claim against the executor, and that the executor was able to pay the claim or

some part thereof. If the claim against the executor is not enforceable, or if the executor is not able to respond thereto, there can be no basis for a recovery of the attorneys for the negligent management of the litigation against the executor. If it is true that nominal damages may be recovered for actionable negligence of an attorney, either in the giving of erroneous advice or in the unskilful management of a cause, the petitioners in this case did not claim nominal damages, but, on the contrary, asked for substantial, actual, and punitive damages. *Sparks Milling Co.* v. *Western Union Telegraph Co.,* 9 *Ga. App.* 728 (72 S. E. 179).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*