36058.  ROYAL INDEMNITY COMPANY *v.* PHARR.

DECIDED JUNE 28, 1956.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error.
*Allison & Pittard, Jones Webb,* contra.

QUILLIAN, J. A necessary ingredient of subrogation is that a valid right exists in the subrogor with which the subrogee is entitled to be vested either by operation of law or by formal transfer. The petition not showing that any right of action against Maddox accrued to the defendant, it obviously set forth no right to recover damages from him for not assigning such right to the plaintiff.

In Arnold *v.* Jacobs, 319 Mass. 130, 133 (65 N. E. 2d 4), it was held: "The policy provides that 'In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor. . .' We assume that by the insured both the named insured and the described insured were meant. Such a right of subrogation is commonly provided for in insurance policies, and often exists without any such provision. Stevens *v.* Stewart-Warner Speedometer Corp., 223 Mass. 44, 46; General Exchange Ins. Corp. *v.* Driscoll, 315 Mass. 360. But in order for subrogation to take place the insured must have a right of recovery against some person to which the insurer can succeed by subrogation."

Another similar holding is found in Kenner v. Century Indemnity Co., 320 Mass. 6 (67 N. E. 2d 769, 165 A. L. R. 1463). In headnote 10 the court held (165 A. L. R. 1465): "In the absence of a showing that the owner of an automobile has incurred liability or suffered property damage as a result of the negligent operation of his car by a repairman's employee, in consequence of which a third person was injured, he has no rights against the repairman to which his insurer under a policy covering the repairman's liability to the injured person can be subrogated."

This court held in *Jones* v. *Wright*, 19 *Ga. App.* 242 (91 S. E. 265), that the petition of a client alleging that through the negligence or misconduct of his lawyer the client had lost his right to sue a third party did not set forth a cause of action in the absence of an averment that the client had a valid cause upon which recovery could be had. The language of the court in that case was (headnote 2): "The petition against an attorney for the recovery of actual and punitive damages for negligent advice and conduct in the management of a case, alleged to have resulted in the loss of plaintiff's claim, was properly stricken on demurrer, in the absence of an allegation that the claim was a valid one, and that the debtor was solvent."

The answer admitted coverage under a policy containing the clause referred to; denied that the defendant's automobile was damaged in the sum of $293.57; alleged that the damage was $500; and further averred that the plaintiff settled the defendant's claim arising under the provisions of the policy by paying only $193.57 and agreeing that the defendant collect and retain any further sum that he might be able to collect from Maddox, operator of the car which collided with that of the defendant; that the defendant acted upon this agreement and, after collecting the sum of $62.50, released him from liability. The owner denied that the defendant committed fraud by accepting and retaining the $62.50 under the circumstances related.

The petition contained the following paragraph: "7. Your petitioner had made demand upon the defendant and the defendant has refused to pay said $193.57 to this petitioner; that said sum is just, due and unpaid."

The answer admitted this paragraph. No demurrer was filed to the petition or to the answer, and the trial proceeded with the

two contested issues being whether under the settlement of the defendant's claim it was agreed between him and the plaintiff that such sums as were collected from Maddox might be retained as his own. Evidence was submitted by both parties in support of their respective contentions. The record does not disclose that objection was interposed to any of the evidence, and that adduced on the trial was sufficient to support a verdict in favor of either the plaintiff or the defendant. The plaintiff moved the court for a directed verdict on the ground "that the pleadings and evidence in said case demanded a verdict in favor of the plaintiff" in the amount sued for. The trial judge refused and a verdict in favor of the defendant was returned by the jury.

A right of recovery must be legally asserted by the petition before an averment of the answer can be held to be an admission. Where the petition fails to set forth a cause of action the plaintiff is not entitled to have a verdict directed in his favor. In *Kelly v. Strouse*, 116 *Ga.* 872, 874 (10) (43 S. E. 280), it is said: "If a petition is bad in substance, it is error to direct a verdict in favor of the plaintiff. If a plea is bad in substance, it is error to direct a verdict in favor of the defendant."

The statute provides that a prerequisite to the grant of a motion for a judgment notwithstanding the verdict is that the movant shall have made a motion for a directed verdict that should have been granted. Code (Ann. Supp.) § 110-113.

The conclusion is inescapable that if the case had been submitted upon the pleadings, without the submission of evidence, no valid verdict for the plaintiff could have been returned. But the case was not submitted on the pleadings alone but the case was tried on its merits and the defendant, without any objection being made by the plaintiff, submitted proof sufficient to support the defenses set up by the answer, viz., that the plaintiff with full knowledge that he had collected damages from Maddox paid the defendant the sum it sought to recover; that the plaintiff agreed that in consideration of the defendant releasing it from liability accruing under the policy of insurance the defendant could collect moneys from Maddox and retain them. The rule is well established that where a pleading is defective but amendable, if the pleader is allowed to submit, without objection being made by his adversary, evidence supporting his version of the controversy,

which if properly pleaded would have constituted a valid defense or set up a cause of action, the courts will consider the case as though the pleadings had been amended.

Though the answer was defective in that it contained an admission contrary to the defense pleaded, the admission could have been stricken by amendment; and when all parties proceeded with the trial of the case, treating the answer as having well pleaded a defense, the defendant submitting evidence to support the defense, no objection being made thereto, and the plaintiff offering proof to combat the defense, after the case is submitted to the jury and after the jury returned a verdict, it was too late for the plaintiff to complain of the conflict in the averments of the answer. *Irvin* v. *Locke*, 200 *Ga.* 675, 679 (38 S. E. 2d 289).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*