54869. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. SOUTHEASTERN FIDELITY INSURANCE COMPANY.

SMITH, Judge.

This case is before the court on the granting of an interlocutory appeal.

We hold that the trial court improperly granted appellee's motion for summary judgment and that, since as a matter of law appellee's insured had no rights to which appellee could be subrogated, the court should have granted appellant's motion for summary judgment.

On May 25, 1975, Vicki Rice suffered serious personal injuries as a result of a collision between her car and one driven by Barbara Hardeman, whose negligence undisputedly caused the accident. Hardeman's liability insurer, the appellant, had issued her a policy containing a limit of $10,000 in coverage for injuries to a single person and a limit of $10,000 in coverage for property damage. On June 30, 1975, Rice had incurred medical expenses amounting to almost $10,000, and her doctor's opinion was that Rice would have to remain hospitalized for six to eight

additional weeks. On that date, appellant paid Rice $11,700 in settlement of her claim against it, and Rice executed a full and complete, written release of appellant. It was undisputed that appellant's payment constituted payment in full of the policy's $10,000 liability limit for bodily injury to Rice. Appellee brought this action seeking subrogation for $4,944.94 it had paid Rice under the "no-fault" policy it had issued her.

" '[I]n order for subrogation to take place the insured must have a right of recovery against some person to which the insurer can succeed by subrogation.' " *Royal Indem. Co. v. Pharr,* 94 Ga. App. 114, 115 (93 SE2d 784) (1956). Rice having completely released appellant in consideration of its payment to her of an amount equal to the policy limit for personal injury, she retained no rights against appellant to which appellee could be subrogated. Furthermore, appellee's contention notwithstanding, it would be contrary to the policy of the Motor Vehicle Accident Reparations Act, Ga. L. 1974, pp. 113-124, to hold that appellant should have settled with Rice for an amount equal to the difference between the $10,000 policy limit and the $4,944.94 which appellee had paid Rice on her "no-fault" claim. *Blaylock v. Ga. Mut. Ins. Co.,* 239 Ga. 462 (238 SE2d 105) (1977). Therefore, the court erred in granting appellee's motion for summary judgment; instead, the court should have granted summary judgment to appellant. Therefore, the trial court is directed to vacate the summary judgment in favor of appellee and enter summary judgment in favor of appellant.

*Judgment reversed with direction. Bell, C. J., and McMurray, J., concur.*

Argued October 31, 1977 — Decided February 14, 1978.

*Donald M. Fain, Michael S. Reeves,* for appellant. *Ralph Spain,* for appellee.