## 57756. AETNA CASUALTY & SURETY COMPANY et al. v. SOSEBEE et al.

QUILLIAN, Presiding Judge.

The plaintiff insurance company brought an action seeking subrogation under Code Ann. § 56-3405b (d). The individual plaintiff was an insured of the plaintiff insurance company and the owner of a vehicle in which two passengers were injured by the alleged negligence of the defendants. According to the allegations of the complaint, the insurance carrier for the defendants paid for the medical bills of the two passengers up to the contractual limits of the policy and then the plaintiff was required to pay for damages over and above that amount. The parties to whom the plaintiff had allegedly paid no fault benefits executed releases upon payment of certain sums on behalf of the defendant tortfeasors. The trial judge directed a verdict for the defendants, the alleged tortfeasors, and the plaintiffs appeal. *Held:*

In *Ga. Farm &c. Ins. Co. v. Southeastern &c. Ins. Co.,* 144 Ga. App. 811, 812 (242 SE2d 743) this court held: " ' "[I]n order for subrogation to take place the insured must have a right of recovery against some person to which the insurer can succeed by subrogation." ' " In this case the named insured asserts no claim for damages and the only amount sought is for payment made to the two injured passengers. Here the insurance policy is not included in the record but the only basis which would have required the plaintiff insurance company to pay "no fault" benefits was that the two passengers were its "insureds" under the Georgia Motor Vehicle Reparations Act. See Code Ann. § 56-3402b (b) (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202, 1203). Having released the defendants, the two passengers retained no rights to which the plaintiff could become

subrogated. Thus, under the rationale of the *Georgia Farm Bureau* case, 144 Ga. App. 811, supra, there is no basis for recovery by the plaintiffs.

For yet another reason the verdict was properly directed for the defendants. Code Ann. § 56-3405b (d) (1) (Ga. L. 1974, pp. 113, 118; as amended through Ga. L. 1976, p. 1523) provides: "If the responsible tortfeasor is uninsured or is not a self-insurer, the insurer or self-insurer providing benefits shall have a right of action to the extent of benefits provided against such tortfeasor only in the event that the person for whom benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident." Here the evidence failed to establish the tortfeasors were uninsured. The statute makes no provision for subrogation if the tortfeasors are underinsured. As we construe the law, subrogation is permitted only when the tortfeasor has no insurance or is not a self-insurer. The concept that one may be uninsured as to an excess amount is not found in the law and we decline to incorporate it therein. Hence, the failure to establish that the defendants were uninsured was another reason for granting their motion for directed verdict.

The trial judge predicated his grant of a directed verdict on the failure of the plaintiffs to establish that the "person for whom benefits are provided has been completely compensated for all economic and non-economic losses incurred as a result of the motor vehicle accident." Code Ann. § 56-3405b (d) (1), supra. Here regardless of the oral reason given by the trial judge, his judgment was correct and is therefore affirmed under the "right for any reason" rule. *Broyles v. Kirkwood Court Apts.,* 97 Ga. App. 384, 385 (103 SE2d 97); *Johnson v. Boyd,* 202 Ga. 531, 533 (43 SE2d 524).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED MAY 9, 1979 — DECIDED
JUNE 19, 1979.

*Hirsch Friedman, Spencer J. Krupp,* for appellants.
*Bobby C. Milam,* for appellees.