### 37262. BITUMINOUS CASUALTY CORPORATION v. PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY.

CLARKE, Justice.

This is an appeal from a final order awarding $25,000 to Prudential in a subrogation action arising under the Georgia Motor Vehicle Accident Reparations Act, Code Ann. Chap. 56-34B and particularly under § 56-3405b (d) (1) (Ga. L. 1978, p. 2075).

---

Prudential's insured was involved in a collision with a vehicle weighing in excess of 6,500 pounds unloaded. This vehicle was operated by Bituminous' insured. It was stipulated that Bituminous' insured was legally liable. Prudential's insured carried not only basic coverage on the vehicle he was operating but carried, in addition, optional coverage authorized by Code Ann. § 56-3404b. Prudential paid to its insured applicable no-fault benefits of $25,000.

Prior to 1978, Code Ann. § 56-3405b (d) (1) provided that insurers would be subrogated to the rights of their insureds for recovery of basic no-fault benefits and for optional benefits provided under Code Ann. § 56-3404b as well. In 1978, the statute was amended to provide that only those insurers whose insureds were involved in a motor vehicle accident involving two or more vehicles, at least one of which was a motor vehicle weighing more than 6,500 pounds unloaded, might pursue subrogation for benefits paid such insured against the insurer of the tortfeasor. Prudential occupies this position.

Bituminous attacks this statute as unconstitutional, making an ingenious equal protection argument. It takes the position that the statute discriminates against a claimant damaged in an accident involving a vehicle of 6,500 pounds or more. Bituminous asserts that such a claimant is precluded from obtaining no-fault insurance benefits and also recovering total damages from the tortfeasor while a claimant in an accident involving a vehicle of less than 6,500 pounds may collect the no-fault benefits and also recover total damages from the tortfeasor because of the absence of subrogation rights.

In *State Farm &c. Ins. Co. v. Five Transp. Co.,* 246 Ga. 447 (271 SE2d 844) (1980), this court held: "[T]here is no constitutional impediment, either under the equal protection or due process clauses, to the state's making the subrogation rights of a no-fault automobile insurer dependent upon the weight of the vehicles involved in the accident." Id. at 451. The holding that the statute is not unconstitutional as violative of the equal protection or due process clauses applies whether the attack on the statute is made by insurers seeking recovery by subrogation or by claimants seeking the benefit of the collateral source rule. The insurer of the tortfeasor is in neither category. Even if this court had not only recently declared the statute to be constitutional, the insurer of the tortfeasor would have no standing to attack it. "The simple existence of an adverse effect on the appellants is not in itself sufficient. Appellants must also show that it is the feature of the statute . . . which they seek to attack that was the direct cause of the injury." *Davis v. Jackson,* 239 Ga. 262, 264 (236 SE2d 613) (1977).

Bituminous also argues that the present subrogation suit will

subject it to double payment because of a settlement with Prudential's insured. If this is the case, it is only so because of the failure of Bituminous to withhold from the settlement amount a sum sufficient to satisfy the subrogation claim of Prudential.

The motion of Prudential to tax damages against Bituminous pursuant to Code Ann. § 6-1801 is denied. Prudential's motion for the posting of a supersedeas bond by Bituminous is rendered moot by this opinion.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 1981.

*Hutcheson & Hull, Ward D. Hull,* for appellant.
*Wiggers, Harris & Coley, Edward M. Harris, F. Earl Wiggers,* for appellee.