## 62755. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. ALTERMAN FOODS, INC.

McMurray, Presiding Judge.

On October 25, 1976, an automobile collision occurred involving a vehicle owned by James H. Reddin and Mrs. Irene Reddin (husband and wife), insured by Georgia Farm Bureau Mutual Insurance Company, and a vehicle owned and operated by Alterman Foods, Inc. Mrs. Irene Reddin was a passenger in the vehicle. The Georgia Farm Bureau Mutual Insurance Company insurance policy contained, among other coverages, the required coverage under the Georgia Motor Vehicle Accident Reparations Act as to medical expenses and lost income (PIP benefits).

On December 29, 1976, Georgia Farm Bureau Mutual Insurance Company forwarded a reimbursement notification to Alterman Foods, Inc. While it had not paid any claim it made a demand for

benefits and expenses to be incurred by it under the Georgia Motor Vehicle Accident Reparations Act ("No-Fault") as a result of this motor vehicle collision, contending its investigation indicated liability rests upon Alterman Foods, Inc.

Mrs. Reddin thereafter filed a personal injury action against Alterman Foods, Inc. on April 27, 1977, in Fulton County Superior Court, for damages arising out of the automobile collision. The defendant answered, denying any fault or liability and also filed a counterclaim for property damages to its vehicle as a result of the collision.

On March 9, 1978, Mrs. Reddin also filed an action against Georgia Farm Bureau Mutual Insurance Company in Cherokee County Superior Court to recover PIP benefits under the insurance policy in effect.

On or about September 19, 1977, a compromise settlement of Mrs. Reddin's claim for no fault benefits was agreed upon in the amount of $5,000, the same representing Georgia Farm Bureau Mutual Insurance Company's full policy limits owed to Mrs. Reddin under the Georgia Motor Vehicle Accident Reparations Act for medical expenses and loss of income. An additional draft, however, of $800 was also paid to Mrs. Reddin.

Alterman Foods, Inc. knew by reason of the previous notification that Georgia Farm Bureau Mutual Insurance Company would claim subrogation to any part of the proceeds of any compromise and settlement of claims arising out of injuries and damages to Mrs. Reddin. It also knew by reason of discovery in the litigation against it that $5,000 no fault benefits had been paid to Mrs. Reddin. Therefore, prior to January 9, 1980, Alterman Foods, Inc. reached an agreement with Mrs. Reddin and her attorney to settle the case for $9,500 which settlement would include settlement of the subrogation lien of Georgia Farm Bureau Mutual Insurance Company in the sum of $5,000. As the result of these negotiations two drafts were drawn dated "12-19-79," one for the sum of $4,500 in payment of any and all claims including bodily injury arising out of the collision occurring on "10-25-76 near Marietta, Ga.," and the other in the amount of $5,000, citing the same language as above that it was in payment of bodily injury arising out of the same collision. These drafts were made payable both to Mrs. Reddin, her attorney, and the Georgia Farm Bureau Mutual Insurance Company. Negotiations also included a release and indemnity agreement to be signed by Mr. and Mrs. Reddin, a release to be signed by Georgia Farm Bureau Mutual Insurance Company, and a consent order dismissal with prejudice to be signed by Mrs. Reddin's attorney (thereafter to be executed by the trial judge). The release and

indemnity agreements based upon the drafts prepared by Alterman Foods, Inc. would also release "All Risk Management Claims Service and Midland Insurance Company."

By letter dated February 8, 1980, counsel for Georgia Farm Bureau Mutual Insurance Company notified counsel for Mrs. Reddin that it did not agree to the settlement proposals and that it intended to secure its full subrogation rights in the amount of $5,000 previously paid. The original drafts (unendorsed), together with the original and a copy of the release (both unexecuted) which were prepared for execution by Georgia Farm Bureau Mutual Insurance Company, were returned in a letter advising that counsel for Mrs. Reddin could deal directly with Alterman Foods, Inc., but that Georgia Farm Bureau Mutual Insurance Company would deal directly with Alterman Foods, Inc. in the handling of the subrogation claim and that if participation of Georgia Farm Bureau Mutual Insurance Company was desired further in an attempt to settle both the personal injury claim and the subrogation claim under which settlement would be paid to it of $5,000, counsel would be most happy to cooperate. Whereupon counsel for plaintiff and defendant in that litigation, and relying upon their understanding of the law that if Mrs. Reddin had not been fully compensated for economic and noneconomic damages that Georgia Farm Bureau Mutual Insurance Company would have no valid and enforceable rights to subrogation and would be barred from subrogation by express language in the statute, decided to have Mrs. Reddin expressly recite the fact that she had not been fully compensated for all her economic and noneconomic damages and that said release would also release any subrogation rights that might possibly exist. See Code Ann. § 56-3405b (d)(1) (Ga. L. 1974, pp. 113, 118; 1976, pp. 1078, 1079; 1976, p. 1513; 1976, p. 1523), again amended by Ga. L. 1978, p. 2075, eff. April 6, 1978, to provide that there would be *no subrogation rights to the person for whom benefits are provided* except with reference to certain motor vehicles. In this connection see *Bituminous Cas. Corp. v. Prudential Property & Cas. Ins. Co.,* 247 Ga. 481 (277 SE2d 23).

On February 19, 1980, a proposed consent judgment and release and indemnity agreement were prepared and agreed to by the opposing parties (the plaintiff Irene Reddin and the defendant Alterman Foods, Inc.). On February 27, 1980, the consent judgment and waiver of jury trial was signed by the trial court (Fulton Superior Court) and agreed to by counsel for the parties. The consent judgment declared that after investigation by the trial court with all parties being present, it was determined that the "economic and noneconomic damages sustained by plaintiff [Irene Reddin] as a result of the accident which is the subject of this action, exceed by at

least $9,500.00 the amount of all No-Fault benefits that plaintiff might be entitled to recover, or may have recovered, under the Georgia Motor Vehicle Accident Reparations Act as a result of the accident in question." The court also determined that the proposed compromise settlement payment of $9,500 and the earlier payment in the amount of $5,000 to plaintiff from Georgia Farm Bureau Mutual Insurance Company under a policy providing benefits under the Georgia Motor Vehicle Accident Reparations Act, for certain of plaintiff's damages "do not fully compensate plaintiff for all of her economic and noneconomic losses incurred as a result of the motor vehicle accident which is the subject of this action." The court then held, however, that the proposed consent judgment is "nevertheless a reasonable compromise and settlement of the plaintiff Irene Reddin's alleged liability claims asserted in this action . . . and such compromise and settlement is in the best interests of all parties to this action." The consent judgment in that amount was then approved and allowed, "with the understanding that defendant [Alterman Foods, Inc.] denies and contests any liability to plaintiff."

Learning of the settlement thereafter through correspondence and that settlement negotiations had been conducted without its consent in which it was not a party to said settlement Georgia Farm Bureau Mutual Insurance Company proceeded to bring this action against Alterman Foods, Inc., Midland Insurance Company and All Risk Management Services, Inc. It set forth in detail in the pleadings much of the above facts. In Count 1 it sought the sum of $5,000 it had paid to its insured by reason of the subrogation rights for medical expenses and lost wages paid by it under Code Ann. § 56-3405b (d) (1), supra. In Count 2 it sought punitive damages for the fraud practiced upon it by the defendant seeking judgment in the amount of $10,000 jointly and severally against the various defendants, as well as attorney fees for bad faith practiced upon it, unnecessary trouble and expense in collecting a just and due indebtedness and because the defendants have been stubbornly litigious entitling it to such expenses of litigation (attorney fees).

The defendants answered, inter alia, denying the claim and included pleas of res judicata by reason of the consent judgment, collateral estoppel, accord and satisfaction, compromise and settlement and release, admitting only jurisdiction of the court, the automobile collision and the policies of insurance involved. All the defendants contend that the said Irene W. Reddin was not completely compensated for all of her economic and noneconomic losses incurred and deny that the plaintiff had any right of subrogation against any person or entity as the result of any payments which they made or might have made to her and in general

because of the findings of the court in the consent judgment.

After discovery, defendant Alterman Foods, Inc. moved for summary judgment. The plaintiff Georgia Farm Bureau Mutual Insurance Company likewise moved for summary judgment. The motion for summary judgment of Alterman Foods, Inc. came on regularly for consideration and same was granted, the court reciting that by stipulation of the parties the ruling would also apply to all the defendants as if they had made said motion. However, on the same date, although filed three days later, the plaintiff Georgia Farm Bureau Mutual Insurance Company voluntarily dismissed its claim against Midland Insurance Company and All Risk Management Services, Inc. Plaintiff appeals. *Held:*

1. At the time of the automobile collision involved in this litigation (October 25, 1976) a no fault insurer "providing benefits without regard to fault" was "subrogated to the rights of the person for whom benefits are provided [the insured Reddin], to the extent of the benefits provided [$5,000], only in the event that the person for whom benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident with the right of recovery and the amount thereof [to] be determined by agreement on the basis of tort law between the insurers involved." Code Ann. § 56-3405b (d)(1), supra. The collision having occurred on October 25, 1976, after the 1976 amendment (Ga. L. 1976, pp. 1078, 1079, supra) the right of subrogation depended upon whether or not the no fault insured person had been completely compensated for all economic and noneconomic losses incurred before her no fault insurer would be subrogated to the insured's rights to the extent of the benefits provided ($5,000). See *Blaylock v. Georgia Mut. Ins. Co.,* 239 Ga. 462, 463 (1) (238 SE2d 105); *U. S. Fidelity &c. Co. v. Ryder Truck Lines, Inc.,* 160 Ga. App. 650 (2). Consequently, if the plaintiff herein (Georgia Farm Bureau Mutual Insurance Company) had knowledge of the proposed settlement which became a consent judgment as between its insured and the tortfeasor involved wherein the court stated, "after investigation" that the economic and noneconomic damages sustained by the party Reddin exceeded by at least $9,500 the amount of all no fault benefits that plaintiff might be entitled to recover, or may have recovered, and that the $9,500 consented to here to be paid "do not fully compensate [Reddin] for all of her economic and noneconomic losses incurred," it would have no subrogation rights under the Georgia Motor Vehicle Accident Reparations Act which is controlling on all the parties involved in this litigation. See *Ga. Farm Bureau Mut. Ins. Co. v. Nelson,* 153 Ga. App. 623 (266 SE2d 299); *Nat. Gen. Ins. Co. v. Meeks,* 145 Ga. App. 830, 834 (244 SE2d 920).

Complete compensation is a condition precedent to no fault subrogation under the controlling law at the time of the collision.

2. The plaintiff herein (the no fault insurer) having knowledge of the proposed settlement so as to bar it from receiving any amount in subrogation since its insured Reddin had sought to have it waive any right to $5,000 being paid to her by the tortfeasor's insurer had the right to intervene in the Reddin action but failed to do so or to take any other action to protect its interest therein. Having failed to intervene or to seek relief by declaratory judgment or otherwise with reference to the pending litigation, and the trial court having declared in that case in Fulton Superior Court that plaintiff's (Reddin's) damages in the collision which is the subject of this action exceeded by at least $9,500 (the settlement amount) the amount of all no fault benefits that plaintiff might be entitled to recover, or may have recovered, under the Georgia Motor Vehicle Accident Reparations Act and that the entire amounts this plaintiff must receive as a result of this collision ($9,500 on behalf of the tortfeasor and $5,000 from her insurer for no fault insurance) "do not fully compensate plaintiff for all of her economic and noneconomic losses incurred," establishes that the no fault insurer is not entitled to any right of subrogation under the statute (Code Ann. § 56-3405b (d) (1), supra).

3. Georgia Farm Bureau Mutual Insurance Company argues that its right to subrogation should not be defeated by the consent judgment, the same amounting to a settlement without its consent and should be controlled by the decision in *Vigilant Ins. Co. v. Bowman,* 128 Ga. App. 872, 874-875 (198 SE2d 346). Nevertheless, the facts of this case differ from those in the case cited. The case sub judice is more similar to *State Farm Mut. Auto. Ins. Co. v. Five Transportation Co.,* 246 Ga. 447, 454 (3) (271 SE2d 844), wherein it was held that State Farm had the right to intervene as a matter of right, that is, it claimed part ownership of the claim being sued on in that case. This would be the case here until such time that it was established that the insured was not completely compensated for all economic and noneconomic losses incurred which was determined adversely to Georgia Farm Bureau Mutual Insurance Company. Having failed to intervene therein the trial court established Georgia Farm Bureau Mutual Insurance Company had no right to subrogation under the statute involved, and it is bound by the judgment in that case. See *Firestone Tire &c. Co. v. Pinyan,* 155 Ga. App. 343, 345 (270 SE2d 883); *Lewis v. Price,* 104 Ga. App. 473, 474 (122 SE2d 129); *Stevens v. Stembridge,* 104 Ga. 619, 622 (31 SE 413); *A. R. Hudson Realty v. Hood,* 151 Ga. App. 778, 779 (1) (262 SE2d 189). Compare *Blakely v. Couch,* 129 Ga. App. 625, 627-629 (1) (200

SE2d 493).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 17, 1982.

*John H. Moore, Y. Kevin Williams,* for appellant.
*Donald R. Anderson, J. Arthur Mozley,* for appellee.