64103. POOLE TRUCK LINE, INC. et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

DEEN, Presiding Judge.
This appeal arose from the grant of an interlocutory appeal following the trial court's denial of Poole Truck Line and Transport Insurance Company's motion for summary judgment. State Farm brought a subrogation action pursuant to the Georgia

Motor Vehicle Accident Reparations Act, Code Ann. Chap. 56-34B, § 56-3405b (d) (1) against the appellants. Appellants answered claiming that State Farm's insureds (the Yeagers) had released them from all claims incurred in an accident involving a truck belonging to Poole and insured by Transport. The settlement was in the form of two checks issued by Poole in favor of the Yeagers in the amounts of $1,906.15 and $896.60, each of which contained language indicating that it was a full and final settlement of all claims against Poole Truck Line. The validity of the releases was affirmed in *Yeager v. Poole Truck Lines,* 162 Ga. App. 803 (293 SE2d 64) (1982). Subsequent to the payment of these checks and without knowledge of the releases, State Farm paid the Yeagers no fault benefits equal to their policy limit of $10,000. Appellants contend that the trial court erred in permitting State Farm's subrogation action to withstand the motion for summary judgment. (No appeal is taken from the grant of summary judgment in favor of State Farm on Poole's counterclaim which alleged "malicious abuse of process.") *Held:*

Code Ann. § 56-3405b (d) (1) provides: "Insurers and self-insurers providing benefits without regard to fault described in sections 56-3403b and 56-3404b shall not be subrogated to the rights of the person for whom benefits are provided, except in those motor vehicle accidents involving two or more vehicles, at least one of which is a motor vehicle weighing more than 6,500 pounds unloaded. The right of recovery and the amount thereof shall be determined on the basis of tort law between the insurers or self-insurers involved . . . If the responsible tortfeasor is uninsured or is not a self-insurer, the insurer or self-insurer providing benefits shall have a right of action to the extent of benefits provided against such tortfeasor only in the event that the person for whom benfits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident." It is agreed that Poole Truck Line's vehicle weighed in excess of 6,500 pounds unloaded. The only question that remains is the effect of the Yeagers' releases upon State Farm's right of subrogation.

It has long been established that "[n]o right to subrogation arises until the insurance is paid." *Allstate Ins. Co. v. Austin,* 120 Ga. App. 430, 432 (170 SE2d 840) (1969). In holding that a release by the appellant's insured operated to defeat the insurance company's right to subrogation because the insured retained no rights to which the insurance company could be subrogated, the court in *Ga. Farm Bureau Mut Ins. Co. v. Southeastern Fidelity Ins. Co.,* 144 Ga. App. 811 (242 SE2d 743) (1978), relied upon this court's prior ruling in *Royal Indem. Co. v. Pharr,* 94 Ga. App. 114, 115 (93 SE2d 784) (1956), for the proposition that " 'in order for subrogation to take place the

insured must have a right of recovery against some person to which the insurer can succeed by subrogation.' " See also *Aetna Cas. &c. Co. v. Sosebee,* 150 Ga. App. 354 (258 SE2d 37) (1979), wherein it was held that parties to whom no fault benefits were paid and who had executed a release retained no rights to support subrogation. In *Vigilant Ins. Co. v. Bowman,* 128 Ga. App. 872, 874 (198 SE2d 346) (1973), however, a different situation arose as the insured entered into a settlement with the tortfeasors without the knowledge or consent of his own insurance company. The court noted "the insurer's right to subrogation is an equitable one and does not rest on any relation of contract or of privity between the insurer and the wrongdoer. The right is derived from the rights which the insurer has and is limited to those rights." The court observed that a contractual agreement existed between the company and the insured as to the company's right to subrogation and held: "As a matter of general law, where the wrongdoer settles with the insured . . . without the consent of the insurer . . . with knowledge of the insurer's payment and right of subrogation, such right is not defeated by the settlement." As noted in *Unigard Ins. Co. v. Zimmerman's, Inc.,* 151 Ga. App. 394, 395 (259 SE2d 652) (1979): *"Vigilant* reaffirms the principle that a wrongdoer will not be permitted to profit from wrongdoing."

As the facts in *Bituminous Cas. Corp. v. Prudential Cas. Ins. Co.,* 247 Ga. 481, 483 (277 SE2d 23) (1981), are not stated, we have examined the record and briefs and discovered that a settlement was reached between Bituminous and Prudential's insured, that Bituminous recognized Prudential's right of subrogation, and the pre-trial order stipulated that no issue was raised with respect to a release signed by the insured. On appeal, the court rejected Bituminous' argument that the subrogation suit would subject it to double payment because of settlement with the insured holding, "[i]f this is the case, it is only because of the failure of Bituminous to withhold from the settlement a sum sufficient to satisfy the subrogation claim of Prudential."

Applying the foregoing rules to the present case, we find that under the rule set forth in *Vigilant,* appellant's actions cannot be permitted to defeat State Farm's statutory right of subrogation. To rule otherwise would permit the wrongdoer to escape $10,000 in subrogation liability. This rule is compatible with that set forth in *U. S. Fid. &c. Co. v. Ryder Truck Lines,* 160 Ga. App. 650 (288 SE2d 1) (1981), where the court found that Ryder had actual knowledge of USF&G's subrogation claim, that USF&G did not consent to the release signed by its insured, and that Ryder could not obtain a release from the insured in Ryder to prevent the insurance company from pursuing its statutory right of subrogation. In the present case,

we cannot determine from the record if the appellees had actual notice of the Yeagers' release. Appellants, however can be found to have constructive notice of appellee's statutory right of subrogation as no fault coverage is mandatory in Georgia. Code Ann. § 56-3403b. Those who use the roads in Georgia (in this case a transport trucking firm and its insurance carrier) are presumed to know the law which gives the injured party's insurance company a statutory right of subrogation in accidents involving a vehicle weighing more than 6,500 pounds. Therefore, anyone who seeks to settle with the insured party and obtains a release without the insurer's consent does so at his own risk. As stated in *Bituminous,* a person can avoid double payment by withholding from the settlement a sum sufficient to satisfy the insurer's subrogation claim.

Accordingly, the trial court did not err in denying appellant's motion for summary judgment.

*Judgment affirmed. Pope, J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED SEPTEMBER 7, 1982 —
REHEARINGS DENIED OCTOBER 6, 1982.

*John P. Hines, C. Davis Bauman,* for appellants.
*Samuel A. Murray,* for appellee.