A95A2475. ROWLAND v. DEPARTMENT OF ADMINISTRATIVE SERVICES.
(466 SE2d 923)

SMITH, Judge.

This is a subrogation action under OCGA § 34-9-11.1 (b). When an employer pays workers' compensation benefits and the injured worker also recovers damages from a third-party tortfeasor, this statute creates a lien in favor of the employer against the worker's tort recovery. We must determine the effect of a settlement between the injured worker and the tortfeasor on the employer's subrogation lien.

The underlying facts have been stipulated by the parties. Joseph Young and Tracy Rowland were involved in a motor vehicle collision caused by Rowland's negligence. Young was driving his vehicle in the scope and course of his employment with a state agency. The Department of Administrative Services (DOAS) paid Young $3,324 in workers' compensation benefits and brought suit to recover that amount from Rowland. DOAS soon discovered, however, that Young had already settled his personal injury claim with Rowland without filing suit. The parties have stipulated that DOAS had no knowledge of Young's settlement of his personal injury claim, that Rowland and her insurer had no knowledge of the workers' compensation subrogation claim, and that no personal injury lawsuit was ever filed by Young.

The parties filed cross-motions for summary judgment. Rowland contended that her settlement with Young extinguished any subrogation lien against her. DOAS, on the other hand, contended that under OCGA § 34-9-11.1 (c), it had a separate and distinct claim that was not extinguished by the settlement. The trial court denied Rowland's motion for summary judgment and granted summary judgment in favor of DOAS. Rowland appeals.

This appeal turns on the precise nature of the subrogation right granted under OCGA § 34-9-11.1. The statute became effective in 1992, approximately one month before the underlying collision between Young and Rowland, and we have little guidance in interpreting this aspect of the statute. Decisions exist interpreting a similar although not identical right of subrogation given to an automobile insurer paying benefits under the former no-fault law. See former OCGA § 33-34-3 (d) (1). In their briefs here and below, both parties rely heavily on cases construing the former no-fault subrogation statute.

The language used in OCGA § 34-9-11.1, however, varies considerably from that of the no-fault statute, and it creates a substantially different right of subrogation. Under the no-fault statute, the insurer paying no-fault benefits to a party involved in a collision with an uninsured motorist was "subrogated to the *rights*" of the payee and had "a *right of action* to the extent of benefits provided against such tortfeasor." (Emphasis supplied.) Former OCGA § 33-34-3 (d) (1). The workers' compensation statute, in contrast, creates in favor of the employer or its insurer "a subrogation *lien*, not to exceed the actual amount of compensation paid pursuant to this chapter, against such *recovery*." (Emphasis supplied.) OCGA § 34-9-11.1 (b). A right of action in the employer is not unconditionally granted by the statute. As

the statute read at the time,[1] only if the injured employee or his survivors failed to bring an action against the tortfeasor within a one-year period, was "any cause of action in tort which the injured employee . . . *may have* against any other person" assigned to the employer by operation of law. (Emphasis supplied.) OCGA § 34-9-11.1 (c).

Rowland contends that her settlement with Young and Young's release of all claims he may have had extinguished any potential subrogation claim of DOAS against her under § 34-9-11.1 (c) before it could come into existence. Since the assignment did not occur until Young failed to bring suit within one year, and by the terms of the statute there was an assignment only of "any cause of action" which "the injured employee . . . may have," an earlier settlement and release by Young operated to extinguish his cause of action against Rowland before the assignment took effect. Under well-established Georgia law, "in order for subrogation to take place the insured must have a right of recovery against some person to which the insurer can succeed by subrogation." (Citations and punctuation omitted.) *Ga. Farm Bureau Mut. Ins. Co. v. Southeastern Fidelity Ins. Co.*, 144 Ga. App. 811, 812 (242 SE2d 743) (1978). See also *Aetna Cas. &c. Co. v. Sosebee*, 150 Ga. App. 354, 355 (258 SE2d 37) (1979) (release executed by recipients of no-fault benefits extinguished rights supporting subrogation).

Under OCGA § 34-9-11.1 (b), the employer or its insurer has a right to intervene in any tort action brought by the employee in order to "protect and enforce" its lien. See *Dept. of Admin. Svcs. v. Brown*, 219 Ga. App. 27 (464 SE2d 7) (1995). In this case, however, the parties to the tort claim settled before suit, and no action was ever filed. Under the plain wording of OCGA § 34-9-11.1, *Bennett v. Williams Elec. Constr. Co.*, 215 Ga. App. 423, 424 (3) (450 SE2d 873) (1994), the employer has no remaining right of action against the tortfeasor. But the loss of the right to bring this cause of action did not extinguish DOAS's *lien* on the *recovery*, that is, the money now in the hands of the injured employee.[2] This lien is created by OCGA § 34-9-11.1 (b) independently of the assignment of any cause of action against the tortfeasor under subsection (c).

---

[1] OCGA § 34-9-11.1 (c) was substantially rewritten by Ga. L. 1995, pp. 642, 643.

[2] A party seeking subrogation under OCGA § 34-9-11.1 must also consider an additional provision of the statute: "[T]he employer's or insurer's recovery . . . shall only be recoverable if the injured employee has been fully and completely compensated . . . for all economic and noneconomic losses incurred as a result of the injury." OCGA § 34-9-11.1 (b). The assurance of full compensation to the injured employee was a major consideration in the legislative history of the statute. See *Bennett*, supra at 425. The parties did not stipulate, and the record does not reveal, whether Young was fully compensated for his injuries, and we do not reach that issue here.

Had Rowland settled with Young despite having knowledge of the workers' compensation claim and DOAS's right of subrogation, a different result would obtain. "[A]s a matter of general law, where the wrongdoer settles with the insured . . . without the consent of the insurer . . . *with the knowledge of the insurer's payment and right of subrogation*, such right is not defeated by the settlement." (Citation omitted; emphasis supplied.) *Vigilant Ins. Co. v. Bowman*, 128 Ga. App. 872, 874 (198 SE2d 346) (1973). The parties have stipulated that Rowland had no *actual* knowledge of the existence of the workers' compensation claim or the assertion of a subrogation lien. DOAS contends, however, that Young's release does not extinguish its subrogation rights because Rowland should be deemed to have had *constructive* knowledge of its potential claim. DOAS bases this contention on the holding in *Poole Truck Line v. State Farm &c. Ins. Co.*, 163 Ga. App. 755, 757-758 (294 SE2d 570) (1982) (construing former OCGA § 33-34-3).

*Poole Truck Line* is inapplicable here for two reasons. First, as noted above, the lien on a recovery granted to DOAS by this statute is substantially different from the right of subrogation created by former OCGA § 33-34-3. Moreover, the theory of constructive notice relied on in *Poole Truck Line* is inapplicable here. Although the tortfeasor and insurer in *Poole Truck Line* had no actual knowledge of the settlement, this court concluded that they had constructive knowledge through former OCGA § 33-34-3: "Those who use the roads in Georgia (in this case a transport trucking firm and its insurance carrier) are presumed to know the law which gives the injured party's insurance company statutory right of subrogation in accidents involving a vehicle weighing more than 6,500 pounds. Therefore, anyone who seeks to settle with the insured party and obtains a release without the insurer's consent does so at his own risk." *Poole Truck Line*, supra at 758.

Rowland contends that the circumstances giving rise to a subrogation lien under OCGA § 34-9-11.1 (c) are substantially different from those creating subrogation in *Poole Truck Line* and cannot amount to constructive knowledge. We agree. OCGA § 34-9-11.1 (c) is not limited to vehicular collisions arising under a specific, well-defined set of circumstances. By the terms of the statute, it applies to any case of compensable injury or death, whatever the circumstances and however arising. It would be difficult, if not impossible, to have knowledge of the applicability of workers' compensation to virtually any incident resulting in an injury. Even if we limit our consideration to vehicular accidents, the potential existence of a workers' compensation subrogation lien is still much less certain than a claim under former OCGA § 33-34-3. All drivers were required to have no-fault coverage, OCGA § 33-34-4, and to carry proof of insurance, OCGA

§ 33-34-12, and the involvement of a truck weighing in excess of 6,500 pounds could be determined at the scene or from a police report. Knowledge of these easily ascertainable facts was sufficient to put the tortfeasor on notice of a potential subrogation claim. *Poole Truck Line*, supra at 758.

In contrast, a driver involved in a collision does not necessarily fall within the scope of the Workers' Compensation Act. The employer, for example, may be exempted from the scope of the Act by reason of its type of business or number of employees, OCGA § 34-9-2 (a), or it may have opted out under OCGA § 34-9-1 (2). More importantly, a tortfeasor cannot easily determine whether an injured litigant was acting in the scope and course of an employer's business, an issue that itself gives rise to much litigation. Whether an employee was acting in the scope or course of employment is often determined only after extensive discovery and litigation. See OCGA § 34-9-1 (4) and annotations thereto. It would be unjust to place constructive knowledge on a tortfeasor of the existence of a potential claim so uncertain under the law. Moreover, as noted above, Young was the only party in this triangle of employer, worker, and tortfeasor who was in full possession of all the facts. If, as *Poole Truck Line* observes, "a wrongdoer will not be permitted to profit from wrongdoing," id. at 757, Young should not be permitted to profit from his failure to disclose the existence of these simultaneous claims, to the extent, if any, that he received more than full compensation for his injury. The trial court erred in granting summary judgment to DOAS and should have granted summary judgment to Rowland.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JANUARY 23, 1996 —

*Barrow, Sims, Morrow & Lee, R. Stephen Sims*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Assistant Attorney General, Webb & Lindsey, Mark D. Oldenburg*, for appellee.