A96A1758. GEORGIA STAR PLUMBING, INC. et al. v. BOWEN et al.
(484 SE2d 26)

ANDREWS, Chief Judge.

After Jeffrey Stilley was paid workers' compensation benefits for injuries he received as an employee in an on-the-job automobile accident, Stilley's employer, Georgia Star Plumbing, Inc. (Georgia Star), and its workers' compensation insurer, Federated Mutual Insurance Company (FMIC), brought an action against Krista and Vicky Bowen, the alleged third-party tortfeasors responsible for the accident, to enforce subrogation rights pursuant to OCGA § 34-9-11.1. Georgia Star and FMIC appeal from the trial court's ruling on cross-motions for summary judgment that they had no right to bring the subrogation action against the Bowens.

While working for Georgia Star, Stilley was injured when the vehicle he was driving was hit by an automobile driven by Krista Bowen. About a month after the accident, Stilley filed a claim for workers' compensation benefits as a result of the injuries he received in the accident. A little less than a year after the accident, Stilley also sued Krista Bowen and her mother, Vicky Bowen (under the family purpose doctrine) claiming they were liable as third-party tortfeasors for the injuries he received in the accident. Georgia Star and FMIC did not initially pay workers' compensation benefits because they controverted Stilley's claim. Workers' compensation

benefits were eventually paid to Stilley after the award of the administrative law judge in Stilley's favor was affirmed by the appellate division of the workers' compensation board and the superior court. While the controverted workers' compensation claim was being litigated, Stilley settled his tort suit against the Bowens for $50,000 and released the Bowens from further liability. The settlement and release occurred prior to Stilley being paid any workers' compensation benefits by Georgia Star and FMIC. Prior to the settlement of the suit, Georgia Star and FMIC notified the Bowens' insurer on the tort claim and Stilley's attorney on the tort claim that Stilley had filed a claim for workers' compensation benefits as a result of the accident and that, as the employer and insurer in the workers' compensation claim, they had a right to a subrogation lien under OCGA § 34-9-11.1 against any tort recovery in the amount of any disability benefits and medical expenses paid to Stilley under the Workers' Compensation Act.

After paying workers' compensation benefits to Stilley, Georgia Star and FMIC brought the present action against Krista and Vicky Bowen pursuant to OCGA § 34-9-11.1 claiming a subrogation lien against Stilley's tort recovery in the amount of workers' compensation payments made to Stilley and asserting a cause of action to be subrogated in that amount to Stilley's claim against the Bowens. The Bowens denied any liability and filed a third-party complaint against Stilley. All of the parties filed cross-motions for summary judgment on the issue of whether Georgia Star and FMIC had a right to bring the subrogation action against the Bowens.

OCGA §§ 34-9-11 and 34-9-11.1 (a) make clear that, despite the exclusive remedy provisions of the workers' compensation act, an injured employee who receives workers' compensation payments for an injury retains the right to bring an action against certain third-party tortfeasors legally liable for the on-the-job injury. Subsection (b) of § 34-9-11.1 provides that, after an employer has paid workers' compensation payments to an injured employee, the employer or its insurer is granted a subrogation lien against the employee's recovery from a third-party tortfeasor liable to the employee for the injury, that the lien is limited to the amount of benefits and medical expenses paid to the injured employee, that the lien is recoverable only if the employee has been fully and completely compensated by the workers' compensation payments and the recovery in the third-party action for all economic and noneconomic losses resulting from the injury, and that the employer or its insurer may intervene in the employee's action against the third party to protect and enforce such lien. Subsection (c) of § 34-9-11.1 generally sets forth circumstances under which the injured employee's cause of action may be brought against such other person within the applicable statute of limitation

and specifically provides for such cause of action to be brought by the employer or its insurer against the third party under the following circumstances: "If such action is not brought by the employee within one year after the date of injury, then the employer or such employer's insurer may but is not required to assert the employee's cause of action in tort, either in its own name or in the name of the employee."[1]

Although subsection (b) of the statute creates a subrogation lien in favor of the employer or its insurer against the injured employee's recovery against a third party, the lien arises only after workers' compensation payments are made to the injured employee. Although under subsection (b) of OCGA § 34-9-11.1 and OCGA § 9-11-24 (a) an employer or its insurer has the right to intervene in an action to protect or enforce a subrogation lien, Georgia Star and FMIC had no right to intervene in Stilley's action because no subrogation lien was created prior to Stilley's settlement of the action. The right to intervene under subsection (b) or under OCGA § 9-11-24 (a) is predicated on the existence of a subrogation lien providing an interest in the recovery. *Dept. of Administrative Svcs. v. Brown*, 219 Ga. App. 27 (464 SE2d 7) (1995). Under the plain language of subsection (b) of the statute, a subrogation lien is created only after the employer has fully or partially paid the workers' compensation payments due to the employee. Since no workers' compensation payments were paid to Stilley until after Stilley settled his suit against the Bowens, no subrogation lien existed providing Georgia Star and FMIC with an interest in the recovery supporting intervention during the pendency of the suit. The fact that Georgia Star and FMIC had a potential subrogation lien because they were potentially liable to pay workers' compensation benefits to Stilley, depending on the outcome of the controverted claim, was not sufficient to support intervention in Stilley's suit.

Moreover, any claim by Stilley's employer or its insurer asserting subrogation rights against a third-party tortfeasor to the extent

---

[1] When the original 1992 version of OCGA § 34-9-11.1 was amended in 1995, no provision was included for retrospective application of the changes to subsection (b); therefore, the 1995 amendment to subsection (b) is not given retrospective effect. *Wausau Ins. Co. v. McLeroy*, 266 Ga. 794, 796-797 (471 SE2d 504) (1996). The original 1992 version of subsection (b) applies in this case since the injuries giving rise to the present claim occurred in December 1992. In any event, the 1995 amendment to subsection (b), which substituted "an employee has a right of action" for "of recovery" in the first sentence and inserted "death benefits" in the third sentence would not alter the resolution of the issues addressed in this appeal. The 1995 amendments to subsection (c) of the statute apply since the General Assembly provided that those amendments would apply retroactively to injuries occurring on or after July 1, 1992. *Vaughn v. Vulcan Materials Co.*, 266 Ga. 163, 164 (465 SE2d 661) (1996); *Dowdy v. Earthwise Restaurant Mgmt.*, 221 Ga. App. 220, 222-223 (471 SE2d 42) (1996).

of workers' compensation payments made to Stilley arises solely by operation of statute. *K-Mart Apparel Corp. v. Temples*, 260 Ga. 871, 873 (401 SE2d 5) (1991); *Maryland Cas. Ins. Co. v. Glomski*, 210 Ga. App. 759, 761 (437 SE2d 616) (1993). OCGA § 34-9-11.1, which extends this statutory right of subrogation to the employer and its insurer, does not grant an unconditional right of action to seek subrogation. *Rowland v. Dept. of Administrative Svcs.*, 219 Ga. App. 899, 900-901 (466 SE2d 923) (1996). Under subsection (c) of the statute, the right of the employer or its insurer to bring an action seeking to be subrogated to the injured employee's cause of action against the third-party tortfeasor is granted only where the employee fails to bring such action within one year of the date of the injury. In the present case, Stilley brought his cause of action against the Bowens within one year of the date of the injury, then settled the suit and released the Bowens prior to receiving any workers' compensation payments from Georgia Star and FMIC. The settlement and release in the tort suit operated to extinguish any right of recovery by Stilley against the Bowens to which Georgia Star and FMIC could be subrogated. Id. at 901. However, as we noted in *Rowland*, "the loss of the right to bring this cause of action [against the third-party tortfeasor] did not extinguish [the employer's/insurer's] *lien* on the *recovery*, that is, the money now in the hands of the injured employee." (Footnote omitted; emphasis in original.) Id.

The fact that the Bowens settled with Stilley after receiving notice of the pending workers' compensation claim and the potential subrogation lien does not compel a different result in this case. In *Rowland*, supra at 902, we stated that "[h]ad Rowland[, the third-party tortfeasor,] settled with [the injured employee] despite having knowledge of the workers' compensation claim and [the employer's] right of subrogation," we would not have concluded that the settlement extinguished the right to subrogation. We cited the general rule that " 'where the wrongdoer settles with the insured . . . without the consent of the insurer . . . *with the knowledge of the insurer's payment and right of subrogation*, such right is not defeated by the settlement.' (Citation omitted; emphasis supplied.) [Cit.]" Id. at 902. In *Rowland* the employer/insurer paid workers' compensation benefits to the injured employee and acquired a subrogation lien prior to the settlement between Rowland and the injured employee. We found that Rowland had no actual knowledge of the successful workers' compensation claim by the injured worker or of the employer's assertion of a subrogation lien based on payments made pursuant to the claim. Id. at 902. Furthermore, we refused to impute constructive knowledge of these facts to Rowland on the basis that she knew the injured party had a potential claim against an employer for workers' compensation benefits. Id. at 902-903. In the present case, no work-

ers' compensation benefits had been paid, and no subrogation lien had been acquired prior to the settlement of the tort suit. Although it appears the settlement documents were signed by the Bowens and Stilley on the same day that the superior court affirmed the award in favor of Stilley's workers' compensation claim, there had been no payment of workers' compensation benefits at that time, and the record shows only that the Bowens had notice that Stilley had filed a claim.

Under these circumstances, the settlement and release between the Bowens and Stilley extinguished the subrogation rights asserted by Georgia Star and FMIC against the Bowens. The trial court properly granted the motions seeking summary judgment in favor of the Bowens on this issue, and properly denied the motion for summary judgment sought by Georgia Star and FMIC.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 26, 1997 —
RECONSIDERATION DENIED MARCH 12, 1997 — 

*Savell & Williams, Mark S. Gannon, Steven R. Thornton, Silvia L. Simpson,* for appellants.
*Downey & Cleveland, Rodney S. Shockley,* for appellees.