A97A0982. MATHEWS v. CONTINENTAL CASUALTY COMPANY.
(492 SE2d 535)

McMURRAY, Presiding Judge.

On November 22, 1989, Van Edward Redd and Gianna Mathews were involved in a motor vehicle collision. Both Redd and Mathews were driving vehicles owned by their respective employers and both were acting within the scope of their employment at the time of the collision. After Government Employees Insurance Company ("GEICO") provided Mathews over $30,000 in no-fault insurance benefits, Mathews filed a personal injury action against Redd and his employer, Georgia Waste Systems, Inc. ("Waste Systems"). Redd and Waste Systems later resolved this matter by paying Mathews and her two attorneys over $200,000 and agreeing to pay Mathews "$375 per month guaranteed for 20 years. . . ." This settlement included Mathews' execution of a settlement contract wherein she agreed to indemnify Waste Systems' automobile liability insurance carrier, Continental Casualty Company ("Continental"), "against all such claims, demands, objections, actions, causes of action, damages, costs and expenses." Because Waste Systems' truck exceeded 6,500 pounds, GEICO filed a subrogation action against Continental pursuant to former OCGA § 33-34-3 (d) (1) (A) (enacted Ga. L. 1978, p. 2075, § 1; repealed Ga. L. 1991, pp. 1608, 1629, § 3.4.). Continental then filed a third-party claim against Mathews, asserting its indemnity rights under the settlement contract Mathews executed in resolving her tort claim. After GEICO and Continental settled the subrogation action for $15,000, a jury awarded Continental $15,000 on its indemnity claim against Mathews. This appeal followed the denial of Mathews' motion for new trial. *Held*:

1. Citing *Poole Truck Line v. State Farm &c. Ins. Co.*, 163 Ga. App. 755 (294 SE2d 570), Mathews argues that the trial court erred in denying her motion for directed verdict "because the third-party claim was not authorized by the Georgia no-fault statute, which is subject to strict construction."

In *Poole Truck Line*, the Yeagers received no-fault insurance benefits from "State Farm" after settling a tort action which arose from a motor vehicle collision. This Court held that the Yeagers' execution of a release during the settlement proceedings, relieving the alleged

tortfeasor of further liability, did not defeat State Farm's subrogation rights under then Code Ann. § 56-3405b (d) (1), later OCGA § 33-34-3 (d) (1) (A), repealed Ga. L. 1991, pp. 1608, 1629, § 3.4. Referring to fairness and equity, this Court reasoned (in a two-judge decision) that the tortfeasor and his automobile liability insurance carrier had constructive notice of State Farm's subrogation rights but failed to withhold "from the settlement a sum sufficient to satisfy the insurer's subrogation claim." *Poole Truck Line v. State Farm &c. Ins. Co.*, 163 Ga. App. 755, 758, supra. Applying the same logic in the case sub judice, it is presumed that Mathews had constructive knowledge of GEICO's subrogation rights but settled her claim against Redd and Waste Systems for over $200,000 without making specific provision for the $10,000 in no-fault benefits she had already received from GEICO. Under these circumstances, we find no policy reasons to set aside Mathews' agreement to indemnify Continental against GEICO's subrogation claim. And in so holding, we reject Mathews' assertion that it is "illogical" for her to reimburse Continental for honoring GEICO's subrogation claim. To say otherwise under the circumstances of the case sub judice, allows Mathews a double recovery.

2. Mathews next contends her indemnity agreement is unenforceable for lack of mutual assent because it did not specifically provide that she agrees to indemnify Continental against GEICO's subrogation claim. This assertion is without merit. The settlement agreement not only clearly and unambiguously provides that Mathews will indemnify Continental "against all such claims, demands, objections, actions, causes of action, damages, costs and expenses," it is presumed that Mathews (represented by two attorneys during the settlement proceedings) was fully aware of GEICO's $10,000 subrogation claim. *Poole Truck Line v. State Farm &c. Ins. Co.*, 163 Ga. App. 755, 758, supra.

The trial court did not err in denying Mathews' motion for directed verdict.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED SEPTEMBER 17, 1997 —
RECONSIDERATION DENIED OCTOBER 2, 1997.

*Pat D. Dixon, Jr.*, for appellant.
*Swift, Currie, McGhee & Hiers, Bradley S. Wolff, Timothy C. Lemke*, for appellee.