A94A1334. POWELL et al. v. DOUGHERTY CHRISTIAN ACADEMY, INC.
(451 SE2d 465)

RUFFIN, Judge.

Appellant Susan Powell and others ("teachers") are former school teachers who were employed by Dougherty Christian Academy, Inc. d/b/a Riverview Academy ("Riverview") which operated a private school in Dougherty County. The teachers were employed during the 1992-1993 school year, during which Riverview was unable to meet its payroll due to financial difficulties. As a result, in July and August 1993, the last two months of the academic year, the teachers collected unemployment benefits from the State of Georgia. Riverview subsequently sold its assets, raising sufficient funds to pay all of its debts, including back pay to the teachers. Riverview paid the teachers all sums due and owing except an amount equal to the unemployment compensation drawn by the teachers. Since Riverview is a non-profit corporation which elected to make payments to the labor commissioner in lieu of contributions pursuant to OCGA § 34-8-158, it is obligated to reimburse the state dollar for dollar for all unemployment benefits paid to its employees. Accordingly, Riverview took the position that it was entitled to reduce the amount due to the teachers by the amount it must repay the state and placed funds representing the difference in escrow. The teachers petitioned the court for declaratory judgment alleging that Riverview was not entitled to deduct unemployment benefits from the net pay it otherwise owed the teachers.

The case was tried on stipulated facts recited above. Riverview maintained that the teachers are only entitled to receive an amount

equivalent to their employment contracts; therefore, payment of both unemployment benefits and the entire amount remaining unpaid under their contracts would constitute an improper windfall in an amount equal to the unemployment benefits received. The trial court agreed, and this appeal followed.

The teachers contend that Riverview is legally obligated to repay unemployment benefits paid to its covered employees and it is improper for Riverview to charge back the unemployment benefits against them. Further, to the extent that payment of unemployment benefits and sums due and owing under an employment contract creates a windfall, the teachers argue such is permitted by the law applicable to these parties. However, newly enacted OCGA § 34-8-254 (d) provides that "[a]ny person who has received any sum as benefits under this chapter and is subsequently awarded or receives back wages from any employer for all or any portion of the same period of time for which such person has received such benefits shall be liable to repay a sum equal to the benefits paid during the period for which such back wages were awarded. . . ." If the employer is a non-profit corporation which has elected to make payments in lieu of contributions and its employee receives back wages for any period of time for which the employee received unemployment benefits, the employer is "entitled to a setoff against the award of back wages in an amount equal to all benefits paid to the employee during the period for which such back wages are awarded or received." OCGA § 34-8-254 (d) (2).

While we are mindful that these provisions became effective after the trial court's ruling, "a reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right [in this State] under the prior law." *City of Valdosta v. Singleton*, 197 Ga. 194, 208 (3) (28 SE2d 759) (1944); *Houston v. Houston*, 156 Ga. App. 47 (274 SE2d 91) (1980). Unemployed workers have no vested rights in overpayments of unemployment benefits.

Prior to the enactment of OCGA § 34-8-254 (d), there were no provisions pertaining to overpayments resulting from subsequent repayment of back wages after awards of unemployment benefits. The Employment Security Law (OCGA § 34-8-1 et seq.) was enacted to "lighten [unemployment's] burden which so often falls with crushing force upon the unemployed worker . . . [through] the systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment. . . ." OCGA § 34-8-2. It contemplates an employer providing for the payment of limited benefits

based on the employee's former wages, subject to specific conditions, for a limited duration. The law does not contemplate that the payment of such benefits will result in an individual receiving more than he earned when he was gainfully employed.

Even prior to OCGA § 34-8-254 (d), OCGA § 34-8-193 (f) (1) provided for a reduction in unemployment compensation payable to the extent that an individual receives compensation from other sources for his or her previous work. Mindful that unemployment benefits comprise only a fraction of former wages, the legislature expressed its intention that an individual not receive other compensation based on his previous work and unemployment benefits based on the same work. Thus, it follows that payment of both unemployment benefits and other compensation for previous work in excess of an individual's established benefit amount, calculated in accordance with applicable statutes, results in an *overpayment* of unemployment benefits to which a claimant is not entitled. Likewise, where an individual stands to receive the full measure of his back pay for the months in which he received unemployment benefits, his employment benefits should likewise be reduced. Since those benefits have already been paid in the instant case, Riverview is entitled to reduce its payment of back wages to the extent unemployment benefits were paid.

Based on the foregoing, we find no error in the judgment of the trial court.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 21, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994.

*Black & Black, Eugene C. Black, Jr.,* for appellants.
*Hodges, Erwin & Hedrick, William A. Erwin,* for appellee.