A94A1778. BENNETT v. WILLIAMS ELECTRICAL
CONSTRUCTION COMPANY.
(450 SE2d 873)

RUFFIN, Judge.

Appellant, Denise Bennett, was injured on the job and pursuant to OCGA § 34-9-11 sued appellee, Williams Electrical Construction Company ("Williams"), alleging the company negligently placed electrical wires on the floor of the bank where she worked. Bennett waited over a year from the injury to file the suit. Williams moved to dismiss the action because it was not filed within one year from injury as required by the statute, and Bennett appeals from the trial court's grant of that motion.

1. Bennett contends the trial court erred in granting the motion to dismiss on grounds Bennett was no longer the real party in interest under OCGA § 34-9-11.1 (c). However, Williams's motion to dismiss was not based on a real party in interest argument. Rather, the motion argued that the complaint should be dismissed because it was barred by the statute of limitation set forth in OCGA § 34-9-11.1. Bennett did not raise the real party in interest argument in response to the motion, nor did she urge the trial court to treat it as a motion to substitute the real party under OCGA § 9-11-17.

Instead, her response addressed the statute of limitation and the validity of a prospective assignment of the cause of action. Accordingly, the issue is not presented to us for review. It is well settled that "where an entirely different [reason] is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error." (Citations and punctuation omitted.) *Dietz v. Becker*, 209 Ga. App. 678, 679 (3) (434 SE2d 103) (1993).

2. Bennett also contends the trial court erred in allowing Williams to raise OCGA § 34-9-11.1 as a defense, because Williams lacked standing to do so. As with the real party in interest argument, the record demonstrates that Bennett never raised Williams's alleged lack of standing below. Thus, we find nothing for review. "As a court of review, this court does not decide questions which were not raised and ruled on and preserved in the record below. [Cit.]" *Atlanta Gas Light Co. v. Ga. Public Svc. Comm.*, 212 Ga. App. 575, 577 (1) (442 SE2d 860) (1994).

3. Bennett contends the trial court erred in granting Williams's motion to dismiss in light of a document Bennett received from her employer which attempted to assign to her "all rights, title and interest" in the lawsuit against Williams. The assignment was apparently designed to preserve Bennett's right to pursue her cause of action against Williams after that right was assigned by statute to her employer by virtue of Bennett's failure to timely file her claim. See OCGA § 34-9-11.1 (c). The assignment provided that any proceeds first be distributed to the employer for compensation it previously paid Bennett for her injuries. We do not agree.

OCGA § 34-9-11.1 addresses the rights of employees and employers in situations where the injury or death for which workers' compensation is payable is caused by a third party whom the employee sues. If the employee recovers from the third party, subsection (b) of the statute provides "the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien." OCGA § 34-9-11.1 (b). Subsection (c) of the statute provides that "[s]uch action against [the third party] by the injured employee . . . *must* be instituted in all cases within one year from the date of injury. Failure on the part of the injured employee . . . to bring such action within the one-year period *shall* operate as an assignment to the employer or such employer's insurer of any cause of action in tort which the injured employee . . . may have against [the third party]. . . . The *employer* . . . shall have one year after such assignment within which to commence the action. . . ." (Emphasis supplied.) OCGA § 34-9-11.1 (c).

We are not at liberty to "disregard the plain wording of the statute. . . ." *Hall v. Canal Ins. Co.*, 195 Ga. App. 16, 17 (392 SE2d 340) (1990). Given the General Assembly's delineation of the limitation period and assignment provision in subsection (c) of the statute, we cannot say it intended a right of reassignment, but failed to expressly authorize such. Indeed, it would make little sense to mandate a limitation period for the employee with an ensuing assignment of the action to the employer, only to allow, by reassignment, the parties to

revert to their original positions prior to the assignment.

In addition, we have held that the cardinal rule governing the construction of statutes is to effectuate the legislative purpose and intent. See *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). In this respect we are persuaded by G. Mark Cole's article, Review of Selected 1992 Georgia Legislation, 9 Ga. St. U.L. Rev. 285 (1992). In writing the article which reviews and analyzes OCGA § 34-9-11.1, Cole interviewed Georgia House leaders who served on the Georgia Task Force for Workers' Compensation Reform and cosponsored House Bill 1679 (now OCGA § 34-9-11.1). Id. at 285-286. The bill "was believed to provide for some amount of cost containment by re-compensing the employer, while still ensuring that the employee received compensation for all injuries." Id. at 293, n. 60. "HB 1679 had a similar proposal when it was originally introduced, which allowed *either* the employer or the employee to initiate an action against a third party, with the other able to intervene. HB 1679, as introduced, § 2, 1992 Ga. Gen. Assem. . . . The Senate limited the employer to a secondary role, and *set the one-year period statute of limitations*. HB 1679 (SCS) § 2, 1992 Ga. Gen. Assem.; HB 1679 (SCSFA), § 2 1992 Ga. Gen. Assem. *The [National Committee of Compensation Insurers] predicted this provision would have significant impact costs, perhaps saving one percent or more.*" Id. (Emphasis supplied.) Thus, the bill was drafted with a specific intent and particular concerns in mind.

Based on the clear language of the statute, the extensive analysis of particular issues which was undertaken prior to drafting the legislation (see id.), and the intent of the Senate when it added the specific provisions of subsection (c), we cannot say the General Assembly intended to allow reassignment of an employee's action against a third party from the employer back to the employee. Accordingly, the trial court did not err in failing to recognize the purported assignment from Bennett's employer and dismissing the action.

*Judgment affirmed. Birdsong, P. J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED DECEMBER 2, 1994.

*Clinton A. Wheeler*, for appellant.
*Martin, Snow, Grant & Napier, John C. Daniel III*, for appellee.
*Samuel W. Oates, Jr., Franklin, Taulbee, Rushing & Bunce, Elizabeth F. Bunce, Reynolds & McArthur, Charles M. Cork III, Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree, David T. Whitworth*, amici curiae.