A95A0320. MOORE v. SAVANNAH COCOA, INC. et al.
(459 SE2d 580)

BLACKBURN, Judge.
Thomas N. Moore worked as a security guard for United Detective Agency (United). In the summer of 1992, during the course of his employment, Moore suffered a heart attack while attempting to extinguish a fire at a warehouse leased by Savannah Cocoa, Inc. (Savannah). As a result of his injuries, Aetna Casualty & Surety Company (Aetna), United's workers' compensation insurance carrier, paid Moore income and medical benefits.

On February 1, 1994, Moore commenced the instant action against Savannah, asserting that the company failed to maintain a safe working environment that caused and/or contributed to his injuries. United and Aetna sought to intervene in order to protect their subrogation liens. Savannah subsequently moved for summary judgment on Moore's claim and to dismiss Moore as a party plaintiff based upon OCGA § 34-9-11.1.

At the time this action was pending in the trial court, OCGA § 34-9-11.1 (c) provided that employees suing parties other than their employers must institute those actions (third-party actions) within one year of receiving the injury. Failure to file the suit within the one-year period resulted in an assignment of the claim to the employer or the employer's insurer.

In granting Savannah's motion for summary judgment, the trial court held that Moore's right to enforce any claim against Savannah was effectively assigned to United and Aetna as a matter of law based upon Moore's failure to file suit within the one-year period provided in OCGA § 34-9-11.1 (c). Accordingly, the trial court determined that as assignees of Moore's cause of action, United and Aetna were not intervenors in the action but were actually the real parties in interest and, consequently, substituted them as party plaintiffs in place of Moore. This appeal followed.

While this case was pending on appeal, Act Number 336 (H. B. 596) was enacted to "clarify and revise the provisions related to subrogation" in OCGA § 34-9-11.1. One alteration was changing the period within which an injured employee may pursue third-party actions from one year to whatever period is permitted by the applicable statute of limitation. In the present case, the applicable statute of limitation is two years. OCGA § 9-3-33. Another alteration was the deletion of the language that any third-party action not instituted by the employee within the appropriate period was "assigned" to the employer or the employer's insurer. Rather, the revised statute provides that the employer or its insurer may, but is not obligated to, pursue the third-party action if the employee has not done so within one year of being injured. However, should the employer or its insurer institute such an action, they must immediately notify the employee who then has the option of intervening in the action. In adopting these revisions to the act, the legislature expressly provided that they would apply retroactively to all injuries occurring on or after July 1, 1992. OCGA § 34-9-11.1 (e). Moore suffered his injuries in August 1992. Further, the legislature provided that all prior laws in conflict with these revisions were expressly repealed.

1. " '[A] reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right (in this State) under the prior law.' [Cits.]" *Powell v. Dougherty Christian Academy*, 215 Ga. App. 551, 552 (451 SE2d 465) (1994). Consequently, this court must apply the revised OCGA § 34-9-11.1 (c) in reviewing the trial court's decision unless application of the

revised statute will impair a vested right.

Savannah argues that it has a vested right in the prior statute's one-year filing requirement. We disagree. The one-year limit is analogous to a statute of limitation. In *Canton Textile Mills v. Lathem*, 253 Ga. 102 (317 SE2d 189) (1984), the Georgia Supreme Court held that one did not have a vested, substantive right in a statute of limitation. " 'Statutes of limitation find their justification in necessity and convenience rather than in logic. . . . They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a "fundamental" right or what used to be called a "natural" right of the individual. He may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control.' [Cit.]" Id. at 105. Adopting this reasoning, we determine that the one-year filing limitation was not a substantive right vested in Savannah.

Citing *Allianz Life Ins. Co. v. Riedl*, 264 Ga. 395, 398 (444 SE2d 736) (1994), Savannah further argues that it has a vested and substantive right in the assignment of Moore's claim to United and Aetna.[1] *Allianz* stands for the proposition that a contractual assignment may create substantive rights in the assignee. Id. at 397. While we agree that a prior contractual assignment may create vested rights in an assignee, the assignment in the present matter was not a contractual agreement. It was a statutory remedy. " 'The fact that one obtains a status under the provisions of one law does not amount to a contract or create a vested right that prevents a subsequent legislature from repealing the old law and passing a new one.' [Cit.]" *Fulton County v. Spratlin*, 210 Ga. 447 (80 SE2d 780) (1954); see also *Canton Textile Mills v. Lathem*, supra. We determine no vested right existed in the assignment. For this reason it is unnecessary to address which portions of the revision were intended "to clarify," and were thus always intended to be as written in Act Number 336, and which were intended to "revise" the prior act and thereby changed same.

Moore commenced the present action within the applicable statute of limitation. This was in accordance with his rights under the revised statute. Without determining whether the trial court acted correctly or erroneously under the terms of the old statute, we reverse its decision to dismiss Moore and to substitute United and Aetna as party plaintiffs applying the revised statute.

2. In light of our decision in Division 1, we need not address Moore's additional enumerations of error.

---

[1] It is ironic that Savannah claims a vested right in the assignment when United and Aetna, the actual assignees, make no such claim.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JULY 6, 1995 —
RECONSIDERATION DENIED JULY 14, 1995 —

*Zipperer & Lorberbaum, Ralph R. Lorberbaum, Eugene C. Brooks IV*, for appellant.
*Bouhan, Williams & Levy, Peter D. Muller, Walter C. Hartridge*, for appellees.