A95A1211. DRAUGHN v. DELTA AIRLINES, INC.
(462 SE2d 445)

RUFFIN, Judge.

On March 28, 1992, Douglas Draughn was injured while in the course of his employment with Dobbs International and received workers' compensation benefits. On March 24, 1994, he filed the instant action against Delta Airlines, Inc. ("Delta") alleging his injuries were caused by the negligence of Delta employees. The trial court granted Delta's motion for summary judgment on the ground that Draughn's lawsuit was not brought within the one year statute of limitation set forth in the former OCGA § 34-9-11.1 (c). For reasons which follow, we reverse.

Subsequent to the trial court's ruling, the General Assembly amended OCGA § 34-9-11.1 and rewrote subsection (c) in its entirety. Subsection (c) no longer requires that an injured employee bring his claim against a third party within one year from the date of injury, but rather, provides that any such action "must be instituted in all cases within the applicable statute of limitations. If such action is not brought by the employee within one year after the date of injury, then the employer . . . may[,] but is not required to[,] assert the employee's cause of action in tort. . . ." In the instant case, the applicable statute of limitation is two years. OCGA § 9-3-33.

The General Assembly also added subsection (e) which provides that "[i]t is the express intent of the General Assembly that the provisions of subsection (c) of this Code section be applied not only prospectively but also retroactively to injuries occurring on or after July 1, 1992." July 1, 1992 is the date former OCGA § 34-9-11.1 became effective. We find that the General Assembly's decision not to extend the retroactive application of the amended statute in subsection (e) to claims arising before that date is an expression of its intention that the former statute was not applicable to injuries occurring prior to July 1, 1992. See, e.g., *Dutton v. Ga. Associated &c. Fund,* 215 Ga. App. 607 (451 SE2d 504) (1994) (employer's rights under former

OCGA § 34-9-11.1 not applicable because employee's *injury* predated July 1, 1992).

" '[A] reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right (in this State) under the prior law.' [Cits.]" (Emphasis in original.) *Powell v. Dougherty Christian Academy*, 215 Ga. App. 551, 552 (451 SE2d 465) (1994). Consequently, we must apply the amended OCGA § 34-9-11.1 (c) in reviewing the trial court's decision unless application of the amended statute will impair a vested right.

Draughn commenced his lawsuit within the statute of limitation set forth in OCGA § 9-3-33 as was his right under the amended statute. Thus, pretermitting the question of whether the trial court erred in ruling that the former statute barred Draughn's lawsuit against Delta given that his alleged injury occurred prior to July 1, 1992, we find that the claim was timely commenced under the amended statute. Accordingly, we reverse the trial court's grant of summary judgment.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED SEPTEMBER 18, 1995.

*Curtis A. Thurston, Jr.*, for appellant.
*Carter & Ansley, Burke B. Johnson*, for appellee.

