A95A2651. CONNER v. GREENE et al.
(467 SE2d 199)

BLACKBURN, Judge.

Randall Conner, an employee allegedly suffering a job-related injury at the hands of third-party tortfeasors, Arthur Greene (Greene) and his employer, Wilson Trucking Corporation (Wilson), appeals the grant of summary judgment entered in favor of said tortfeasors under the former version of OCGA § 34-9-11.1 (c).

Conner, a truck driver, was injured on December 7, 1992, when his tractor-trailer rig was struck by another rig owned and operated by Wilson and driven by Wilson's employee Greene. Conner, a California resident, received workers' compensation benefits from his employer which is located in California. On December 5, 1994, Conner filed the underlying tort action to recover for his injuries against Wilson, its insurer, and Greene. Conner filed this lawsuit within the two-year statute of limitation period governing personal injury actions. OCGA § 9-3-33. In February 1995, appellees filed a motion for summary judgment asserting that OCGA § 34-9-11.1 (c), a workers' compensation subrogation provision that was in effect at the time, required Conner to file his suit within one year of receiving his injuries. The trial court granted summary judgment to appellees. For reasons that follow, we reverse.

1. Subsequent to entry of the trial court's judgment, OCGA § 34-9-11.1 (c) was amended so as to provide that workers injured by

third-party tortfeasors no longer must file suit to recover against the same within one year. Instead, they may now commence their lawsuit any time within the applicable statute of limitation. In adopting the amendment, the Georgia legislature expressly provided that the revised provisions of OCGA § 34-9-11.1 (c) should be applied retroactively to all injuries that occurred on or after July 1, 1992. See OCGA § 34-9-11.1 (e).

The present matter is controlled by two cases recently decided by this Court reinstating the suits of similarly situated employees who did not file their suits against third-party tortfeasors within the one-year period provided by the former statute. In *Draughn v. Delta Airlines*, 218 Ga. App. 540 (462 SE2d 445) (1995) and *Moore v. Savannah Cocoa*, 217 Ga. App. 869, 870 (459 SE2d 580) (1995), this Court cited to *Powell v. Dougherty Christian Academy*, 215 Ga. App. 551, 552 (451 SE2d 465) (1994) for the proposition that "a reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right (in this State) under the prior law." (Punctuation omitted; emphasis in original.) Because application of the new OCGA § 34-9-11.1 (c) will impair no vested right on the part of the appellees, see *Moore*, supra at 871, we find that Conner commenced the present action within the applicable statute of limitation in accordance with his rights under the revised statute. Without determining whether the trial court acted erroneously under the terms of the old statute, we reverse its entry of summary judgment against Conner.

2. In light of our disposition of Division 1, it is unnecessary to address Conner's remaining enumeration of error concerning the applicability of OCGA § 34-9-11.1 in the present matter.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 18, 1996.

*Butler, Wooten, Overby, Cheeley, Pearson & Fryhofer, C. Frederick Overby, Jason L. Crawford, J. Wyman Lamb*, for appellant.

*McLaughlin, MacDougald, Hendon & Miller, Norman R. Miller*, for appellees.