## S95A1358. VAUGHN v. VULCAN MATERIALS COMPANY.
### (465 SE2d 661)

HUNSTEIN, Justice.

On December 16, 1992, Jack Vaughn, an employee of a trucking company, suffered a compensable workers' compensation injury at a quarry owned by Vulcan Materials Company. On August 18, 1994, Vaughn instituted a negligence action against Vulcan. On April 11, 1995, the trial court granted summary judgment and dismissed the lawsuit on the ground that Vaughn's case was time-barred by the one-year statute of limitation contained in subsection (c) of the workers' compensation subrogation statute, OCGA § 34-9-11.1.[1] On April 19, 1995, eight days after the trial court awarded summary judgment to

---

[1] See OCGA § 34-9-11.1, Ga. L. 1992, p. 1942, § 2.

Vulcan on the basis that the case was time-barred, Vaughn filed an emergency motion to vacate the judgment on the ground that the Georgia General Assembly had amended OCGA § 34-9-11.1 (c) by, inter alia, eliminating the one-year limitation period relied on by the trial court to dismiss his action. The new legislation, enacted April 18, 1995 and effective July 1, 1995, provides that an injured employee must institute a third-party action "within the applicable statute of limitations." OCGA § 34-9-11.1 (c). The Legislature further provided that this revision to the statute would apply retroactively to all injuries occurring on or after July 1, 1992.[2] The trial court denied Vaughn's motion to vacate the dismissal of his case and this appeal followed. Pretermitting whether the one-year statute of limitation under former OCGA § 34-9-11.1 (1992) is constitutional, we hold that the trial court erroneously denied Vaughn's motion to vacate its judgment pursuant to the recent amendment to OCGA § 34-9-11.1 and reverse its order.

1. OCGA § 34-9-11.1 (c), as amended in 1995, is the provision governing the applicable statute of limitation.

> [A] reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law.

*City of Valdosta v. Singleton*, 197 Ga. 194, 208 (3) (28 SE2d 759) (1944). There is no vested right in a statute of limitation and a "legislature may revive a . . . claim which would have been barred by a previous limitation period by enacting a new statute of limitation, without violating our constitutional prohibition against retroactive laws." *Canton Textile Mills v. Lathem*, 253 Ga. 102, 105 (1) (317 SE2d 189) (1984). Accord *Moore v. Savannah Cocoa*, 217 Ga. App. 869 (1) (459 SE2d 580) (1995).

Accordingly, because Vaughn's injury occurred in December 1992 and the amendment to OCGA § 34-9-11.1 (c) applies "retroactively to injuries occurring on or after July 1, 1992," it controls in the instant case. See *Bozeman v. Liberty Nat. Life Ins. Co.*, 265 Ga. 757 (462 SE2d 376) (1995).

2. As amended, OCGA § 34-9-11.1 (c) permits an injured employee to pursue an action against a party other than his employer for

---

[2] See OCGA § 34-9-11.1 (e), Ga. L. 1995, p. 642, § 2.

whatever the period permitted by the applicable statute of limitation. The applicable statute of limitation in the present case is two years. OCGA § 9-3-33. Vaughn thus commenced the present action within the applicable statute of limitation. The trial court's order, predicated on the former version of OCGA § 34-9-11.1 (c), fails to comport with the current version of OCGA § 34-9-11.1 (c) as required by OCGA § 34-9-11.1 (e), with the result that it was error to dismiss Vaughn's action as time-barred.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 22, 1996.

*Davidson & Strain, William E. Davidson, Jr.,* for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Brian R. Neary, Leslie B. Zacks,* for appellee.