## A95A2307. WILSON v. CHRISTIAN.
(469 SE2d 362)

POPE, Presiding Judge.

Joseph S. Wilson, Sr. worked for Southern Natural Gas Company. On October 8, 1992, during the course of his employment, Wilson was seriously injured when Joyce Christian struck him with her car. As a result of his injuries, Wilson recovered workers' compensation benefits from Southern. On August 24, 1994, Wilson filed suit against Christian for negligence. Christian answered Wilson's complaint denying liability, and later amended her answer to assert as an affirmative defense that Wilson's suit was barred by the one-year statute of limitation set forth in OCGA § 34-9-11.1. Christian subsequently filed a motion for summary judgment on this basis, which the trial court granted on April 26, 1995. Wilson appeals and we reverse.

1. When Wilson filed his suit, "OCGA § 34-9-11.1 (c) provided that employees suing parties other than their employers must institute those actions (third-party actions) within one year of receiving the injury. Failure to file the suit within the one-year period resulted in an assignment of the claim to the employer or the employer's insurer." *Moore v. Savannah Cocoa*, 217 Ga. App. 869, 870 (459 SE2d 580) (1995); see OCGA § 34-9-11.1 (c). During the suit's pendency, however, the General Assembly clarified and revised OCGA § 34-9-11.1. It rewrote subsection (c), changing the period within which an injured employee may pursue third-party actions from one year to whatever period is permitted by the applicable statute of limitation, which in this case is two years. See OCGA § 9-3-33. The legislature

also deleted the language in that subsection that any third-party action not instituted by the employee within the appropriate period was "assigned" to the employer or the employer's insurer. Instead, the revised statute provides that the employer or its insurer may, but is not obligated to, pursue the third-party action if the employee has not done so within one year of being injured. If the employer or its insurer institutes such an action, they must immediately notify the employee who then may opt to intervene in the action. See OCGA § 34-9-11.1 (c).

In adopting the above revisions, the legislature expressly provided that the revisions would apply retroactively to all injuries occurring on or after July 1, 1992. OCGA § 34-9-11.1 (e). As noted above, Wilson was injured in October 1992. The legislature also provided that all prior laws in conflict with the revised act were expressly repealed. *Moore*, 217 Ga. App. at 870.

Although OCGA § 34-9-11.1 (c) went into effect on July 1, 1995, after the trial court granted Christian's summary judgment motion, "a reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right (in this State) under the prior law." (Citations and punctuation omitted; emphasis in original.) *Powell v. Dougherty Christian Academy*, 215 Ga. App. 551, 552 (451 SE2d 465) (1994). Thus, in reviewing the trial court's decision, we must apply the revised OCGA § 34-9-11.1 (c) unless its application will impair a vested right. *Moore*, 217 Ga. App. at 870-871 (1); *Draughn v. Delta Airlines*, 218 Ga. App. 540, 541 (462 SE2d 445) (1995).

Citing the non-precedential case of *Bennett v. Williams Elec. Constr. Co.*, 215 Ga. App. 423 (450 SE2d 873) (1994), Christian contends that Wilson's failure to file the present suit within one year of the date of his injury, in accordance with former OCGA § 34-9-11.1 (c), resulted in an assignment to Southern or its insurer of any cause of action Wilson might have had. In essence, Christian argues that application of the revised statute will therefore impair Southern or its insurer's vested rights. We disagree. "While . . . a prior contractual assignment may create vested rights in an assignee, the assignment in the present matter was not a contractual agreement. It was a statutory remedy. The fact that one obtains a status under the provisions of one law does not amount to a contract or create a vested right that prevents a subsequent legislature from repealing the old law and passing a new one." (Citations and punctuation omitted.) *Moore*, 217 Ga. App. at 871 (1). Additionally, we note that *Bennett* was decided

prior to the legislature's decision to revise OCGA § 34-9-11.1, and therefore without benefit of the legislative intent that the revised statute be applied retroactively and that any previous law in conflict with it be repealed. Thus, we conclude that no vested right existed in the assignment. Consequently, because Wilson filed his lawsuit within the applicable statute of limitation and in accordance with his rights under the revised statute, we reverse the trial court's grant of summary judgment to Christian.

2. In light of our decision in Division 1, we need not address Wilson's remaining enumerations of error.

*Judgment reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 16, 1996.

*Linda G. Carpenter, Don C. Keenan, Kirk J. Post*, for appellant.
*Jones, Cork & Miller, H. J. Strickland, Jr., James E. Messer, Jr.*, for appellee.