## A96A0021. DOWDY v. EARTHWISE RESTAURANT MANAGEMENT, INC. et al.
### (471 SE2d 42)

SMITH, Judge.

On August 12, 1992, while exiting the Azalea restaurant in Atlanta, Pamela Dowdy allegedly fell and sustained injuries. She filed a workers' compensation claim and subsequently negotiated a settlement with her employer's insurer, Allstate Insurance Company.[1]

On July 21, 1994, Dowdy filed this premises liability action against the restaurant, the owner of the restaurant, the owners of the shopping center in which the restaurant was located, and a valet parking service, among others. On February 21, 1995, Allstate moved to intervene to protect its workers' compensation lien. The trial court denied the motion. Also, without any motion to dismiss having been

---

[1] Dowdy, a paralegal for a Tennessee law firm, was entertaining her law firm's clients at the restaurant where the incident occurred.

filed, the trial court found the action to be time-barred and dismissed it.[2] Dowdy appeals the sua sponte dismissal of her action, contending that under OCGA § 34-9-11.1, her action is not time-barred.

When the trial court entered its order, former OCGA § 34-9-11.1 (c) provided that an employee suing a third-party tortfeasor must institute an action within one year of receiving the injury. Subsection (c) further provided in relevant part that "[f]ailure on the part of the injured employee . . . to bring such action within the one-year period shall operate as an assignment to the employer or such employer's insurer of any cause of action in tort which the injured employee . . . may have against any other person for such injury . . . and such employer or insurer may enforce same in its name or in the name of the injured employee." Former OCGA § 34-9-11.1; see Ga. L. 1992, p. 1942, § 2.

Shortly after the order was entered, OCGA § 34-9-11.1 was amended. See Ga. L. 1995, p. 642, § 2. The new legislation, enacted April 18, 1995, and effective July 1, 1995, provides that an injured employee must institute a third-party action "within the applicable statute of limitations." OCGA § 34-9-11.1 (c). In this case, the applicable statute of limitation is two years. OCGA § 9-3-33. Language regarding automatic assignment of the employee's claim to the employer or insurer is not found in the new legislation. Subsection (c) now provides that if an action is not brought within one year of the injury, "then the employer or such employer's insurer *may but is not required to* assert the employee's cause of action in tort, either in its own name or in the name of the employee." (Emphasis supplied.) Subsection (e) states, "It is the express intent of the General Assembly that the provisions of subsection (c) of this Code section be applied not only prospectively but also retroactively to injuries occurring on or after July 1, 1992." Dowdy's injury occurred on August 12, 1992.

1. Appellees argue that the trial court properly dismissed the complaint because Dowdy's cause of action was automatically assigned away when she failed to bring the action within one year. Indeed, the statute in effect at the time Dowdy filed this action provided that failure to bring an action operated as an assignment to her employer or her employer's insurer of any cause of action. The new legislation, though, deleted the automatic assignment language

---

[2] The trial court found the action to be time-barred under both Georgia law, OCGA § 34-9-11.1, and Tennessee law, TCA § 50-6-112. We apply only Georgia law; under the doctrine of lex loci delicti, which provides that the substantive law of the state where the tort was committed applies, and lex fori, which provides that procedural questions are governed by the law of the state where the action is brought, Georgia law governs. See *Lloyd v. Prudential Securities*, 211 Ga. App. 247 (1), 248 (438 SE2d 703) (1993).

and expressly provided that the revised statute applied retroactively to injuries occurring after July 1, 1992. OCGA § 34-9-11.1 (c) and (e).

The revised statute and *Moore v. Savannah Cocoa*, 217 Ga. App. 869 (459 SE2d 580) (1995), control the issues in this case. Moore suffered a compensable injury and was paid workers' compensation benefits. He filed suit against the owner of the premises, alleging that the owner's failure to maintain safe working conditions caused his injuries. While the action was pending in the trial court, former OCGA § 34-9-11.1 was in effect. 217 Ga. App. at 870. The trial court granted summary judgment to the owner on the ground that Moore's right to bring an action was assigned to his employer/insurer because of his failure to file the suit within one year. While the action was pending on appeal, the statute was revised. Relying on the new statute, this Court reversed, finding that the owner did not have a vested right in the prior statute's one-year filing requirement.[3] Id. at 871. We also held that the owner had no vested right in the assignment of the claim because the assignment was a statutory remedy rather than a contractual agreement. Id. "The fact that one obtains a status under the provisions of one law does not amount to a contract or create a vested right that prevents a subsequent legislature from repealing the old law and passing a new one." (Citations and punctuation omitted.) Id. See also *Vaughn v. Vulcan Materials Co.*, 266 Ga. 163 (465 SE2d 661) (1996); *Conner v. Greene*, 219 Ga. App. 860 (467 SE2d 199) (1996). We held that plaintiff brought the action within the applicable limitation "in accordance with his rights under the revised statute." 217 Ga. App. at 871.

Here, appellees contend that Dowdy's claim was never reassigned to her and that the revised statute does not provide for such a reassignment. Although *Moore*, supra, does not explicitly hold that an assignment provided for under the old statute becomes "reassigned" or "void" under the new statute, precisely that conclusion is implicit in the holding in *Moore*. In *Moore*, as here, the plaintiff filed an action outside the one-year period mandated under the old statute but within the statute of limitation mandated under the new statute. Any argument that no reassignment of the plaintiff's cause of action had occurred was implicitly rejected; this Court concluded that the owner had no vested right in the assignment and that Moore could bring an action. See also *Vaughn*, supra, and *Conner*, supra.

---

[3] We concluded that we must apply the revised statute. "A reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right . . . under the prior law." (Citations and punctuation omitted; emphasis in original.) 217 Ga. App. at 870 (1).

Similarly, appellees had no vested right in the assignment of Dowdy's claim under the prior statute. Unlike the statute discussed in *Hollingsworth v. Hubbard*, 184 Ga. App. 121, 122 (361 SE2d 12) (1987), the revised statute clearly provides for retroactive application of subsection (c), which deletes the assignment language and changes the limitation period. We recognize that a "statute is not to be construed retroactively in operation *unless the language of the statute imperatively requires it.*" (Citations and punctuation omitted; emphasis in original.) *Loveless v. Grooms*, 180 Ga. App. 424, 425 (349 SE2d 281) (1986). The language of OCGA § 34-9-11.1 (e), however, could not be more imperative that the provisions of subsection (c) are to be applied retroactively. We must construe statutes so as not to render any portion meaningless. See *Powell v. Studstill*, 264 Ga. 109, 113 (3) (b) (441 SE2d 52) (1994). Application of appellees' argument would render this unequivocal language meaningless. We find no merit to appellees' contentions. Also, the assignment was statutory, unlike the assignment in *Bank of Cave Spring v. Gold Kist*, 173 Ga. App. 679, 680 (1) (327 SE2d 800) (1985), and Dowdy was entitled to bring this action against appellees.

Appellees' reliance on *Bennett v. Williams Elec. Constr. Co.*, 215 Ga. App. 423 (450 SE2d 873) (1994) to support their contention is misplaced. We are not bound by *Bennett*, as only two judges on a three-judge panel concurred fully in the opinion. Court of Appeals Rule 33 (a). Moreover, *Bennett* was decided December 2, 1994, prior to the revision of subsection (c) and the addition of subsection (e). The trial court erred in dismissing Dowdy's complaint.

2. Along with the other appellees, Morris Krinsky and Paul Finkel[4] maintain that Dowdy's right of action passed to Allstate under the prior statute and that Dowdy thus has no standing to appeal. They also contend that the order denying Allstate's motion to intervene became final June 12, 1995, three weeks before the amendments became effective and became vested. Citing *Spengler v. Employers Commercial Union Ins. Co.*, 131 Ga. App. 443 (206 SE2d 693) (1974), they argue that a legislative change cannot be applied "once a right provided by the act has been fixed by judgment."

*Spengler* is distinguished on its facts. Nothing in the repealing statute in *Spengler* expressed the legislative intent that the new law there apply retroactively. Id. at 447 (5). Moreover, *Spengler* makes clear that the test is whether the new legislation affects "vested rights." Id. at 450 (5). We held in *Moore*, supra, that no vested rights were affected by the change in OCGA § 34-9-11.1. As discussed

---

[4] Krinsky and Finkel are the owners of the shopping center where the Azalea restaurant is located.

above, revised OCGA § 34-9-11.1 deleted the automatic assignment language in subsection (c), a change made retroactive to apply to injuries occurring after July 1, 1992. OCGA § 34-9-11.1 (e). These amendments conferred standing on Dowdy to pursue her claim against appellees, and the trial court had jurisdiction to entertain these claims.

3. Krinsky and Finkel also contend that retroactive application of the new statute would render the Act unconstitutional because such application will impair vested rights under the prior act. See *Canton Textile Mills v. Lathem*, 253 Ga. 102, 103 (1) (317 SE2d 189) (1984). As held in Division 1, however, appellees' rights in the one-year period for bringing an action and the assignment language were not vested. These were not substantive rights as described in *Glover v. Colbert*, 210 Ga. App. 666, 669 (437 SE2d 363) (1993) and *Browning v. Maytag Corp.*, 261 Ga. 20 (401 SE2d 725) (1991). Because no substantive rights in these provisions existed, the new statute did not violate "our constitutional prohibition against retroactive laws." *Canton Textile Mills v. Lathem*, supra, 253 Ga. at 105 (1). See also *Vaughn v. Vulcan Materials*, supra.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED MAY 2, 1996.

*Duncan & Mangiafico, Leslie P. Becknell, George E. Duncan, Jr.*, for appellant.

*Carter & Ansley, Rebecca J. Schmidt, Chambers, Mabry, McClelland & Brooks, Douglas F. Aholt, Beth L. Singletary, Webb, Carlock, Copeland, Semler & Stair, John W. Sandifer, Wayne D. McGrew III*, for appellees.